IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **TIFFANI JACKSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No.:** |
| | ) | |
| CICI Enterprises, L.P. d/b/a | ) | **JURY DEMANDED** |
| CICIS PIZZA 144, and GARY | ) | |
| DURHAM, | | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Tiffani Jackson (hereinafter "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant CICI Enterprises, L.P. d/b/a CiCis Pizza 144 (hereinafter "Defendant CiCi Pizza") and Defendant Gary Durham ("hereinafter Defendant Durham") (collective "Defendants") and seeks redress for sex based discrimination suffered in her capacity as an employee of Defendant Cicis Pizza in violation of Title VII of the Civil Rights Act of 1964, as amended. Defendant offer suffered tortious activity including assault, outrage, negligent/wanton supervision, negligent/wanton retention and any other causes of action that can be inferred from the facts set forth herein. In support of the Complaint, Plaintiff states as follows:

## **PARTIES**

1. Plaintiff is a resident of Lee County, Alabama and is over the age of nineteen (19) years.

2. Plaintiff, for all times relevant to this action, was an "employee" of Defendant Cicis Pizza as defined under Title VII of the Civil Rights Act of 1964.

3. Defendant is a foreign corporation incorporated under the laws of Delaware, with its principal place of business being in the State of Texas. Defendant's registered agent is Corporate Creation Network Inc., which can be served process at 4000 Eagle Point Corporate Drive Birmingham, AL 35242.

4. Defendant Durham is a resident of the state of Alabama and is over the age of nineteen (19) years.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Counts I -II of this matter pursuant to 28 U.S.C. § 1331, because this arises under the laws of the United States, 42 U.S.C. § 12117(a) because the action arises under Title VII of the Civil Rights Act of 1964, as amended.

6. This Court has supplemental jurisdiction over the remaining counts of this matter pursuant to 28 U.S.C. § 13367.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the unlawful acts took place within Lee County, Alabama, which lies within the Eastern Division of the United States District Court for the Middle District of Alabama.

## COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS

8. Plaintiff has complied with the jurisdictional requirements on to wit: that on or about July 17, 2025, Plaintiff filed a Charge of Discrimination in employment with the Equal Employment Opportunity Commission (hereinafter "EEOC").

9. On July 28, 2025, the EEOC issued Plaintiff a Notification of a Right to Sue, and Plaintiff filed this Complaint within the ninety (90) day deadline. A copy of the notification is attached as "Exhibit A".

## FACTS

10. On or about June 2024, Plaintiff began working for Defendant Cicis Pizza.

11. After starting her employment, Plaintiff was subjected to harassment and threats of physical violence by her male manager, Defendant Durham.

12. In or around March 2025, Plaintiff noticed that Defendant Durham would speaking aggressively to female employees and dismiss anything that a female employee would say, but not the male employees.

13. During this time, there were multiple instances where Defendant Durham would speak to Plaintiff in an aggressive tone or summarily dismiss anything that she said because she was a female but would not treat male co-employees the same way.

14. Plaintiff reported each instance Defendant Durham acted aggressive and treated her worse than male co-employees to Defendant Cicis Pizza's General Manager, Amanda Durham ("Amanda") and Defendant's store owner, Jason Bench ("Bench"); however, Defendant Cicis Pizza took no action to remedy Defendant Durham's conduct or prevent future harm.

15. On or about April 13, 2025, following Plaintiff's reports, Defendant Durham grabbed a knife, called Plaintiff a "piece of shit", and threatened to kill her in front of Amanda.

16. After Defendant Durham's threat to kill Plaintiff, Plaintiff spoke with Defendant Cicis Pizza regarding the threat and that Plaintiff was in fear for her life and physical safety; however, Defendant Cicis Pizza refused to take any action.

17. On or about May 1, 2025, Plaintiff, in fear of her safety and feeling like she had no other choice, emailed Bench to put in her two-weeks' notice that she was quitting her job.

18. In response to this email, Bench stated that she was terminated as of May 1, 2025, and threatened that if she did not return the keys to the store immediately then they would not give Plaintiff her final paycheck.

19. On or about May 1, 2025, Defendant Cicis Pizza terminated Plaintiff's employment.

## COUNT I:
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. §2000E ET SEQ.
**(SEX BASED HOSTILE WORK ENVIRONMENT AGAINST DEFENDANT CICIS)**

20. Plaintiff adopts and re-alleges paragraphs 1-19 as if fully set forth herein.

21. Plaintiff is a female and a member of a protected class.

22. The conduct herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, as Defendant Cicis created, condoned, and fostered a hostile work environment to the detriment of Plaintiff, to which male employees were not subjected.

23. Starting in or around March 2025, Plaintiff noticed Defendant Durham would speak to women in a way that was significantly more aggressive towards women employee than he would male employees.

24. Accordingly, Defendant Durham would speak to Plaintiff in a way that intimidated and embarrassed her because she was a female.

25. After each instance that Defendant Durham would act aggressively toward her, she would report this to Bench; however, Defendant Cicis Pizza failed/refused to take any action regarding Defendant Durham's behavior.

26. On or about April 13, 2025, Defendant Durham called Plaintiff a "piece of shit", grabbed a knife, and threatened to kill Plaintiff in front of the store's general manager, Amanda.

27. Following the threat, Plaintiff called the police and Defendant Durham fled the store; however, Amanda forced Defendant Durham to return and give a statement to the police.

28. On or about April 16, 2025, Plaintiff had a conversation with Bench regarding the working environment feeling hostile since Defendant Gary threatened to kill her, but Bench dismissed Plaintiff's concern saying that she needed to be the bigger person.

29. Following the April 16, 2025, conversation, Defendant Cicis Pizza failed/refused to take any action to remedy the hostile work environment or prevent future harm.

30. On or about April 30, 2025, Plaintiff received a call from Bench telling her to get over "that things that happened with Gary" and focus on doing her job.

31. On or about May 1, 2025, Plaintiff, in fear for her physical safety and feeling as if she had no other choice, sent and email to Bench putting in her two-week notice that she was quitting her employment.

32. On or about May 1, 2025, Plaintiff's employment was terminated.

33. Because of Defendant Jason, Defendant Codey, and Defendant Daniel's harassment, Plaintiff's essential job function and terms of her employment were altered, and Plaintiff was subject to a physically threatening environment that male employees were not subjected to.

34. Defendant Cicis Pizza, through Defendant Durham as an employee, created a hostile work environment based on Plaintiff's sex that was severe and pervasive enough to alter the terms of her employment.

35. This conduct occurred routinely until Plaintiff's termination.

36. Defendant Cicis discriminatory action(s) against Plaintiff is in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

37. Plaintiff has suffered and continues to suffer emotional distress, loss of self-esteem, and other damages as a direct result of Defendant Cicis Pizza's unlawful discrimination.

**WHEREFORE**, Plaintiff prays that this Honorable Court will:

A. Enter a declaratory judgment, declaring Defendant Cici Pizza's past practice herein complained to be unlawful;

B. Order Defendant Cici Pizza to institute and carry out policies, practices and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices.

C. Order Defendant Cicis Pizza to make Plaintiff whole by providing other affirmative relief necessary to eradicate the effects of Defendant Cici Pizza's unlawful employment practices.

D. Order Defendant Cicis Pizza to make Plaintiff whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial

E. Award punitive damages to be determined by a jury at trial; and,

F. Grant such further relief as the Court deems necessary and proper.

### COUNT III:
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. §2000E ET SEQ.
(CONSTRUCTIVE DISCHARGE AGAINST CICIS PIZZA)

38. Plaintiff adopts and re-alleges the allegations contained in paragraphs 1-19 as I fully set forth here.

39. On or about April 13, 2025, following weeks of hostile conduct, Defendant Durham grabbed a knife, called Plaintiff a "piece of shit", and threatened to kill her in front of the Defendant Cicis Pizza's general manager, Amanda.

40. Following that threat, Plaintiff called the police, Defendant Durham fled the store, and Amanda left to retrieve Defendant Durham to force him to give a statement to the police.

41. On or about April 16, 2025, Plaintiff had a conversation with Bench regarding the working environment feeling hostile since Defendant Gary threatened to kill her, but Bench dismissed Plaintiff's concern saying that she needed to be the bigger person.

42. Following the April 16, 2025, conversation, Defendant Cicis Pizza failed/refused to take any action to remedy the hostile work environment or prevent future harm.

43. On or about April 30, 2025, Plaintiff received a call from Bench telling her to get over "that things that happened with Gary" and focus on doing her job.

44. On or about May 1, 2025, Plaintiff, in fear for her physical safety and feeling as if she had no other choice, sent and email to Bench putting in her two-week notice that she was quitting her employment.

45. On or about May 1, 2025, Plaintiff's employment was terminated.

46. Plaintiff has suffered and continues to suffer emotional distress, loss of self-esteem, and other damages as a direct result of Defendant Cicis Pizza's constructive discharge.

**WHEREFORE**, Plaintiff prays that this Honorable Court will:

A. Enter a declaratory judgment, declaring Defendant Cici Pizza's past practice herein complained to be unlawful;

B. Order Defendant Cici Pizza to institute and carry out policies, practices and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices.

C. Order Defendant Cici Pizza to make Plaintiff whole by providing other affirmative relief necessary to eradicate the effects of Defendant Cici Pizza's unlawful employment practices.

D. Order Defendant Cici Pizza to make Plaintiff whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above,

  including, but not limited to, emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial

E. Award punitive damages to be determined by a jury at trial; and,

F. Grant such further relief as the Court deems necessary and proper.

## COUNT IV:
## STATE LAW CLAIM OF ASSAULT AGAINST DEFENDANT DURHAM

47. Plaintiff adopts and re-alleges the allegations made in paragraphs 1-19 and 23-35 as if fully set forth herein.

48. This claim arises under the law of the State of Alabama to redress Defendant's civil assault towards Plaintiff and Defendant's ratification of the conduct set forth herein.

49. On or about April 13, 2025, following weeks of hostile conduct, Defendant Durham grabbed a knife, called Plaintiff a "piece of shit", and threatened to kill her in front of the Defendant Cicis Pizza's general manager, Amanda.

50. Defendant Durham made the comment in a rude and offensive manner.

51. Defendant Durham had the ability to carry out his threat of violence against Plaintiff at the time the threat was made.

52. Plaintiff's belief that Durham sought to attack her was well founded.

53. Defendant had actual knowledge of Durham's threat because the store manager, Amanda, was present when the threat was made.

54. Defendant condoned and ratified Durham's actions because it refused to take prompt, adequate corrective action.

55. As a result of Durham's threat of violence, Plaintiff suffered and continues to suffer damages including, but not limited to, emotional distress, loss of self-esteem, and other damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Durham in any and all damages available to by law in an amount that a Jury deems reasonable and fair, plus interest and costs of this proceeding, and prays that this Honorable Court will grant such further relief as the Court deems necessary and proper.

## COUNT V:
## STATE LAW CLAIM OF OUTRAGE AGAINST DEFENDANT DURHAM AND DEFENDANT CICI PIZZA

56. Plaintiff adopts and re-alleges the allegations made in paragraphs 1-19 and 23-35 as if fully set forth herein.

57. This claim arises under the law of the State of Alabama to redress Defendant's outrageous conduct towards Plaintiff and Defendant's ratification of the conduct set forth herein.

58. Defendant outrageously and intentionally inflicted emotional distress upon the Plaintiff by subjecting her to the egregious conduct including sex-based discrimination, constructive discharge, and assault.

59. Defendant outrageously and intentionally inflicted emotional distress upon the Plaintiff by engaging in the conduct alleged above and Defendant condoned and ratified the conduct, by its refusal to take prompt, adequate, corrective action, and by discriminating against and harassing Plaintiffs.

60. Defendant's conduct, as set out above, was extreme, outrageous and beyond the boundaries of decency in civilized society, and it proximately caused Plaintiffs to suffer great emotional distress for which they claim damages.

61. Defendant condoned, authorized, and/or ratified the conduct, because it knew or should have known of the outrageous conduct towards Plaintiffs and others and failed to take any action to prevent or stop the unlawful conduct.

62. Defendant's conduct caused Plaintiffs to suffer emotional distress, embarrassment, and humiliation.

63. Defendant acted with malice and/or reckless indifference towards Plaintiffs.

**WHEREFORE**, Plaintiff demands judgment against Defendant Durham in any and all damages available to by law in an amount that a Jury deems reasonable and fair, plus interest and costs of this proceeding, and prays that this Honorable Court will grant such further relief as the Court deems necessary and proper.

## COUNT VI:
## STATE LAW CLAIM OF NEGLIGENT AND/OR WANTON SUPERVSION AGAINST CICIS PIZZA

64. Plaintiff adopts and re-alleges the allegations made in paragraphs 1-19 and 23-35, and 48-55 as if fully set forth herein.

65. This claim arises under the state laws of Alabama and seeks redress Defendant Cicis Pizza's negligent and/or wanton supervision of employees, supervisors, and management.

66. Plaintiff was subjected to discrimination and tortious conduct by Defendant employee Defendant Durham, which was intentional, reckless, extreme, and outrageous and caused emotional distress.

67. Defendant was negligent and/or wanton in its supervision of its employees, supervisors, and management.

68. Defendant knew or should have known about Defendant Durhams' conduct toward Plaintiff, and Defendant negligently and/or wantonly failed to supervise its workforce in order to prevent and stop the outrageous conduct.

69. Defendant's failure caused Plaintiff to suffer severe emotional distress, embarrassment, and humiliation.

70. Defendant acted with malice and/or reckless indifference and its conduct was wanton and/or grossly negligent.

**WHEREFORE**, Plaintiff demands judgment against Defendant Cicis Pizza in any and all damages available to by law in an amount that a Jury deems reasonable and fair, plus interest and costs of this proceeding, and prays that this Honorable Court will grant such further relief as the Court deems necessary and proper.

### COUNT VII:
### STATE LAW CLAIM OF NEGLIGENT AND/OR WANTON RETENTION AGAINST CICIS PIZZA

71. Plaintiff adopts and re-alleges the allegations made in paragraphs 1-19, 23-35, and 48-55 as if fully set forth herein.

72. This claim arises under the laws of Alabama and redress for Defendant's negligent and/or wanton retention of Defendant Durham.

73. Plaintiff was subjected to discriminatory and tortious conduct as stated above and caused emotional distress.

74. Defendant was negligent and/or wanton in its retention of Defendant Durham.

75. Defendant either knew or should have known of Defendant Durham's conduct and failed to take adequate steps to prevent and remedy the

situation. By its actions, Defendant Cicis Pizza ratified and/or condoned the illegal conduct of employees, manager, and/or supervisors towards Plaintiff.

76. Defendant has negligently/wantonly retained Defendant Durham - who engaged in discriminating and tortious conduct toward Plaintiff and failed to take adequate steps to prevent and remedy the situation. By its actions, Defendant ratified and/or condoned the illegal conduct of its employees, supervisors and management towards Plaintiffs.

77. Defendant has negligently and/or wantonly retained employees who engaged in harassing conduct. By its actions/inaction, Defendant allowed the outrageous conduct to continue.

78. Defendant's failure caused Plaintiffs to suffer severe emotional distress, embarrassment, and humiliation.

79. Defendant acted with malice and/or reckless indifference and its conduct was wanton and/or grossly negligent.

**WHEREFORE**, Plaintiff demands judgment against Defendant Cicis Pizza in any and all damages available to by law in an amount that a Jury deems reasonable and fair, plus interest and costs of this proceeding, and prays that this Honorable Court will grant such further relief as the Court deems necessary and proper.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES OF THE COMPLAINT.

/s/ *Jon-Kaden Mullen*
D. Jeremy Schatz
Jon-Kaden Mullen
*Attorneys for Plaintiff*

**OF COUNSEL:**
Virtus Law Group
2017 Morris Avenue, Ste 100
Birmingham, AL 35203
js@vlgal.com
jm@vlgal.com

**Please Serve Defendants By Certified Mail As Follows:**

**Defendant CICI Enterprises, L.P. d/b/a CiCis Pizza 144**
**c/o Corporate Creation Network Inc.**
**4000 Eagle Point Corporate Drive Birmingham, AL 35242**

**Defendant Gary Durham**
**6511 County Road 105**
**Lafayette, AL 36862**